

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00072-CR

_____

JACOBY LATRAILLE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR03756

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef
Concurring in Part and Dissenting in Part Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Jacoby Latraille Brown entered an open plea of guilty to failure to comply with annual sex offender-registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (Supp.). After a punishment trial to the bench, the trial court sentenced Brown to eight years' imprisonment. Brown appeals.

Brown's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 8, 2025, counsel mailed to Brown copies of the brief, motion to withdraw, and appellate record. Brown was informed of his rights to review the record and file a pro se response. On October 9, we informed Brown that his pro se response was due on or about November 10. By letter dated December 1, this Court informed Brown that the case would be set for submission on December 22. We received neither a pro se response from Brown nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, "appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is nonreversible error.'" *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)). Here, one non-reversible error is found in the trial court's bill of costs.

The bill of costs imposes a $60.00 time-payment fee. Time-payment fees are authorized by Article 102.030(a) of the Texas Code of Criminal Procedure ($15.00 fee). *See* TEX. CODE CRIM. PROC. ANN. art. 102.030(a) (Supp.). A "time payment fee must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). In *Dulin*, the Texas Court of Criminal Appeals explained that "assessment of the time payment fee . . . [is] premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time-payment fee from the bill of costs "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We modify the bill of costs by deleting the $60.00 time-payment fee, without prejudice. As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice


CONCURRENCE IN PART AND DISSENT IN PART

I agree with the majority opinion that, after a review of the entire appellate record, we have independently determined that no reversible error exists. *See Bledsoe*, 178 S.W.3d at 826–27. For that reason, I concur with the majority.

That said, non-reversible error is found in the trial court's assessment of attorney fees in the judgment. The record shows that the trial court found Brown indigent and appointed counsel for him at the outset of this case. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04 (p) (Supp.). Attorney fees may only be assessed "as a reimbursement fee" "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *Moody v. State*, No. 06-24-00122-CR, 2025 WL 470143, at *2 (Tex. App.—Texarkana Feb. 11, 2025, no pet.) (mem. op., not designated for publication) (quoting *Armstrong*, 340 S.W.3d at 765–66). Even so, and without any factual basis to support the determination that Brown had the financial resources to pay, both the trial court's judgment and the clerk's record reflect that Brown was ordered to pay $682.50 in attorney fees for his court-appointed attorney.

As noted above, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe*, 607 S.W.3d at 448 (quoting *Ferguson*, 435 S.W.3d at 293). Because the appellate record fails to show some factual basis to support the determination that Brown had the ability to pay any attorney fees, I would delete the assessment of attorney fees against him. For these reasons, I respectfully dissent.

Scott E. Stevens
Chief Justice

Date Submitted:     December 22, 2025
Date Decided:       April 22, 2026

Do Not Publish

5